FILED

2014 MAY -9  PM 4:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   CHRISTOPHER K. PELHAM (Cal. Bar No. 241068)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0610
7       Facsimile: (213) 894-0142
        E-mail:    christopher.pelham@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR 14 00267

13         Plaintiff,                GOVERNMENT'S NOTICE OF REQUEST FOR
                                     DETENTION
14         v.

15  JOSE VALDEZ ANAYA,

16         Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐   1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22           following grounds:

23       ☐   a.   present offense committed while defendant was on release

24                pending (felony trial),

25       ☐   b.   defendant is an alien not lawfully admitted for

26                permanent residence; and

27

28



1  ☐  c.   defendant is an alien not lawfully admitted for
2         permanent residence; and
3  ☒  2.  Pretrial Detention Requested (§ 3142(e)) because no
4      condition or combination of conditions will reasonably
5      assure:
6     ☒  a.   the appearance of the defendant as required;
7     ☒  b.   safety of any other person and the community.
8  ☐  3.  Detention Requested Pending Supervised Release/Probation
9      Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
10     § 3143(a)):
11    ☐  a.   defendant cannot establish by clear and convincing
12           evidence that he/she will not pose a danger to any
13           other person or to the community;
14    ☐  b.   defendant cannot establish by clear and convincing
15           evidence that he/she will not flee.
16 ☒  4.  Presumptions Applicable to Pretrial Detention (18 U.S.C.
17     § 3142(e)):
18    ☒  a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
19           (46 U.S.C. App. 1901 et seq.) offense with 10-year or
20           greater maximum penalty (presumption of danger to
21           community and flight risk);
22    ☐  b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
23           2332b(g)(5)(B) with 10-year or greater maximum penalty
24           (presumption of danger to community and flight risk);
25    ☐  c.   offense involving a minor victim under 18 U.S.C.
26           §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
27           2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

|   |   |   |   |
|---|---|---|---|
| | | | 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| | ☐ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| ☒ | 5. | | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
| | ☐ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
| | ☒ | b. | an offense for which maximum sentence is life imprisonment or death; |
| | ☒ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |

1   ☐   e.   any felony not otherwise a crime of violence that
2       involves a minor victim or the possession or use of a
3       firearm or destructive device (as defined in 18 U.S.C.
4       § 921), or any other dangerous weapon, or involves a
5       failure to register under 18 U.S.C. § 2250;
6   ☒   f.   serious risk defendant will flee;
7   ☐   g.   serious risk defendant will (obstruct or attempt to
8       obstruct justice) or (threaten, injure, or intimidate
9       prospective witness or juror, or attempt to do so).
10   ☐   6.   Government requests continuance of _____ days for detention
11      hearing under § 3142(f) and based upon the following
12      reason(s):

_____
_____
_____

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4

1  ☐  7.  Good cause for continuance in excess of three days exists in
2          that:

3
4  _____
5  _____
6  _____
7  _____

8  Dated: 5/2/14                    Respectfully submitted,

9                                   ANDRÉ BIROTTE JR.
                                    United States Attorney
10
                                    ROBERT E. DUGDALE
11                                  Assistant United States Attorney
                                    Chief, Criminal Division
12
                                    /s/
13
                                    CHRISTOPHER K. PELHAM
14                                  Assistant United States Attorney

15                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
16

5