STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorney
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0610
     Facsimile: (213) 894-0142
     E-mail:    christopher.pelham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-267-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT JOSE VALDEZ-ANAYA |
| v. | |
| JOSE VALDEZ-ANAYA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christopher K. Pelham, hereby files it sentencing position as to defendant JOSE VALDEZ-ANAYA ("defendant") in the above-captioned case.

1    This sentencing position brief is based upon the attached
2  memorandum of points and authorities, the files and records in this
3  case, and such further evidence and argument as the Court may permit.
4    For the reasons set forth in the attached memorandum, the
5  government believes that defendant should be sentenced to a term of
6  imprisonment of **30 months**.

Dated: March 31, 2015            Respectfully submitted,

                                 STEPHANIE YONEKURA
                                 Acting United States Attorney

                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                        /s/
                                 ─────────────────────────────────
                                 CHRISTOPHER K. PELHAM
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

On January 5, 2015, defendant pleaded guilty to one count of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and Count Three of the Indictment.  Under his plea agreement with the government, defendant stipulated and admitted that beginning on an unknown date, and continuing at least until April 30, 2012, he agreed and conspired with others to distribute drugs, including methamphetamine, from his residence on Grape Street in South Los Angeles (the "Grape Street Stash House").  (Plea Agreement ¶ 10.)  Defendant agreed that his job in the conspiracy was to store and distribute drugs at that residence.  (Id.)  While the parties agreed, and defendant admitted, that he only played a minor role in the conspiracy, defendant admitted that on or about April 30, 2012, he helped maintain control over a large quantity of methamphetamine (about 273 grams of actual methamphetamine) at the Grape Street Stash House.  (Id.)

In the Plea Agreement, defendant and the government agreed that defendant should receive a role adjustment of two levels under § 2D1.1(c)(5) and 3B1.2(b).  (Plea Agreement ¶ 12.)  The parties agreed that defendants' conduct, mitigated accordingly, implicates §§ 2D1.1(c)(3) and (a)(5) of the Sentencing Guidelines, which results in a base offense level calculation of 31.  The parties further agreed, however, that defendant should receive a <u>Booker</u> variance of at least six levels below the otherwise-applicable sentencing guidelines range.  (Plea Agreement ¶ 16.)

**II.   FINDINGS AND RECOMMENDATIONS OF THE PROBATION OFFICE**

   The Probation Office determined that defendant's sentence should be based on the November 2014 edition of the guidelines. Accordingly, the Probation Office used a revised drug quantity table under § 2D1.1(c), which, given defendant's drug quantity and role adjustment, results in a base offense level of 30 rather than 31 (one level lower than what was stipulated between the parties).  (PSR ¶ 17.)

   The Probation Office concurred that defendant should receive a 2-level upward adjustment under § 2D1.1(c)(10) (for maintaining a drug-involved premises).  (PSR ¶ 18.)

   The Probation Office further concurred that defendant should receive a six-level <u>Booker</u> variance based on defendants' limited criminal history and his age of 57.  In addition to this variance, however, the Probation Office further recommended that defendant should receive a four-level variance based on his extraordinary medical condition and the complications that defendant's incarceration would pose to the Bureau of Prisons.  (PSR recommendation letter.)

**III.  GOVERNMENT'S RECOMMENDATION**

   The government concurs with the Probation Office's recommendations in all but two respects.

   First, the government recommends that the Court use the November 2013 edition of the guidelines <u>and</u> apply the two-level amendment variance recommended by the parties.  While the older guidelines result in a base offense level that is one level higher than what the parties stipulated, the parties' stipulated amendment variance

2

actually results in a lower sentence for defendant.  The government's recommended guidelines calculations are as follows:

| Guidelines Provision | Guidelines Effect |
|---|---|
| §§ 2D1.1(c)(4), (a)(5) (Drug Quantity) | **Base Offense Level 31** |
| § 2D1.1(c)(10) (Enhancement for Drug Establishment) | **+2** |
| Variance for Guidelines Amendment | **-2** |
| § 3B1.3(b) (Minor Role) | **-2** |
| § 3E1.1 (Acceptance of Responsibility) | **-3** |
| Booker Variance | **-6** |
| Total | **20** |

Given defendant's criminal history category of I, this results in a low-end term of **30 months.**

The government recommends that the Court impose that sentence. The government cannot concur with the size of the variance recommended by the Probation Office.  While the government does not dispute the nature or severity of defendant's medical condition, it does believe that a further variance in this case, given the extraordinary lenity that defendant's plea agreement already reflects, will understate the seriousness of this crime.  Defendant helped store and distribute a very large quantity of a serious drug. The government also believes that the Bureau of Prisons will be able to effectively treat and accommodate defendant's condition.