```
STEVE ESCOVAR, Attorney at law
ESCOVAR & AVILA, LLP
State Bar Number: 174961
78 Orange Place
Pasadena, California 91105
Telephone: (626) 577-7700
Facsimile: (626) 577-7749
E-mail:   escovar@aol.com


Attorneys for Defendant
Jose Valdez Anaya
```

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jose Valdez Anaya, ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 14-00267-10-MWF <br><br> **DEFENDANT'S POSITION REGARDING SENTENCING** |

The defendant Jose Valdez Anaya, by and through his attorney Steve Escovar, hereby submits his position regarding sentencing. The defense has received and reviewed the pre-sentence report of Alexis Rodriguez (U.S.P.O). Mr. Valdez Anaya has the following comments, objections and/or requests:

Mr. Valdez Anaya prays that the Court sentence him to a 24 months of confinement. Mr. Valdez Anaya asks that the court allow his sentence

to be served as one-year and a day in prison and that the remainder of his sentence be served in home confinement. This sentence is in accordance with the terms requested by the Probation Office with the exception of the location of the last 12 months of confinement. We believe that the this proposed sentence is "sufficient but not greater than necessary" to achieve the U.S.S.G. policy goals.

 Mr. Valdez Anaya's conduct in this case was aberrant behavior, he has no criminal history, he played a minor role in the offense, and he had no control over drug quantities. He has demonstrated extreme remorse and he is desperately seeking the opportunity to be released from prison in order to provide a home for his young children. Lastly, taking into consideration, Mr. Valdez Anaya's age and physical disability along with all of the described factors, the requested 24 month sentence is appropriate and just in this case on these facts.

**POINTS AND AUTHORITIES**

**I.**

**THIS COURT MUST CONSIDER THE STATUTORY DIRECTIVES SET FORTH AT 18 U.S.C. § 3553(a) AT THE TIME OF SENTENCING.**

This sentencing memorandum sets forth the factors the Court must consider in determining what type, and length, of sentence is <u>sufficient, but not greater than necessary</u>, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to

comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (section 3553(a)(1));
2) "the kinds of sentences available" (section 3553 (a)(3));
3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (section 3553(a)(6));

The additional four-level reduction authorized by U.S.S.G. 5H1.4 is just and fair given Mr. Valdez Anaya's disability. He meets the characteristic of "present to an unusual degree" because his disfigured legs and feet pose a daily challenge to ambulate for Mr Valdez Anaya. Further, he requires specialized shoes that have not been provided to him while in custody. Lastly, even the appearance of the obviously catastrophic injury that he suffered on his lower extremities makes him vulnerable and defenseless.

Given his age and physical disfigurement and disability, it is clear that Mr. Valdez Anaya is particularly vulnerable in custody and further imprisonment serves only to deteriorate his overall health, particularly with regard to a developing abnormality to his spine that may require surgery.

We ask that the court also consider an analysis and reduction in light of U.S.S. G. 5H1.6 - Family ties. Both Mr. Valdez Anaya and his wife of 15 years are presently incarcerated as a result of the criminal conduct in this case. Cecilia Guadalupe Yucupicio (Defendant number 11) is his wife and the mother of his three children (ages 13, 11, and 6) and she is in custody, as well. Their three children have been taken by Child Protective Services. We believe that this extraordinary situation of both parents' confinement merits consideration in sentencing. We ask that the court allow Mr. Valdez Anaya to serve the remaining 12 months of his sentence in home confinement so that he may immediately begin to parent and provide a home for his children.

## CONCLUSION

While having all of the sentencing factors in mind, and with particular emphasis on the United States Sentencing Guideline sections 5H1.4 and 5H1.6 concerning disability and family ties, we believe that the court should adopt Probation's assessment that under the unique circumstances presented in this matter, the court should depart and

4

adjust the sentence from the guidelines, and impose a sentence of 24 months of confinement and the defense prays that the remaining 12 months to be served on home detention.  In this case, such a sentence would be sufficient but not greater than necessary to meet the Guidelines policy goals.

                              Respectfully submitted,

                              Escovar & Avila, LLP

DATED: 4/01/15            By:          /S/
                                  STEVE ESCOVAR, ESQ.
                                  Attorney for Defendant
                                  Jose Valdez Anaya